USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:,

EVERTON ALOYSIUS STERLING,

    Debtor.

               1:17-cv-00248 (ALC)

------------------------------------------------------------x

EVERTON ALOYSIUS STERLING,          **OPINION AND ORDER**

    Appellant

-against-

WILLIAM K. HARRISON, U.S. TRUSTEE, et al.,,

    Appellees.
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

This is one of the many appeals that *pro se* Debtor-Appellant Everton Aloysius Sterling has filed over the course of his Chapter 7 bankruptcy proceedings. *See, e.g.*, *In re Sterling*, No. 16 Civ. 351 (KPF), Dkt. 9, *aff'd*, 690 Fed. App'x 747 (2d Cir. May 19, 2017); *In re Sterling*, 565 B.R. 258, 265 (S.D.N.Y. 2017), *appeal filed*, Case No. 17-949 (2d Cir. 2017); *In re Everton Aloysius Sterling*, No. 16 Civ. 1446 (PKC); *In re Everton Aloysius Sterling*, No. 16 Civ. 6639 (AJN). This particular appeal concerns an order entered by the Bankruptcy Court on November 18, 2016 dismissing Appellant's amended third party complaint and a subsequent order by the same Court denying Appellant's motion for reconsideration. Appellee United States of America (the "Government") seeks to dismiss the appeal for lack of jurisdiction, or in the alternative, affirm the Bankruptcy Court's orders. Because this Court finds that it is without jurisdiction to hear the appeal, as detailed further below, the appeal is DISMISSED.

1

## BACKGROUND

On September 15, 2014, Appellant filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. Case No. 14-12608 (SHL) ("Bankr."), Dkt. 1. On July 27, 2015, the United States Trustee ("Trustee") commenced an adversary proceeding against Debtor by filing a complaint. Case No. 15-1288 (SHL) ("A.P."), Dkt. 1. The Trustee's complaint sought denial of Debtor's discharge pursuant to 11 U.S.C. § 727(a) on the grounds that Appellant had refused to fully disclose his financial situation. *See* A.P. Dkt. 1 ¶¶ 47–48, 51, 56–58.

In response, on August 26, 2015, Appellant filed a "Third Party Complaint" in the Adversary Proceeding, asserting four counterclaims for negligence, malfeasance, breach of fiduciary duty, and abuse of process. The Third Party Complaint names as defendants the U.S. Trustee, Secretary of Treasury, an attorney in the Office of the U.S. Trustee, and the Chapter 7 Trustee. A.P. Dkt. 3. Subsequently, Appellant amended his complaint, adding as defendants the U.S. Attorney General and Comptroller of the Currency. A.P. Dkt. 11 ¶¶ 7–8. All of the claims are based on the same underlying conduct: that Appellant had assigned his debts to the United States and that the third party defendants had improperly denied him a discharge of his debts in his bankruptcy case by refusing to acknowledge and honor the assignment of his debt. *See* A.P. Dkt. 41 at 6.

On November 23, 2015, Appellee moved to dismiss Appellant's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. A.P. Dkt. 11. The Government argued that Appellant's claims should be construed as arising under the Federal Torts Claim Act ("FTCA"), that the United States of America should be substituted as the sole defendant, that Appellant failed to exhaust his administrative remedies, that Appellant failed to state a claim, and

that any non-FTCA claims were barred by sovereign immunity. A.P. Dkt. 18. Appellant opposed the motion, arguing against substitution of the United States as Defendant and urging the Bankruptcy Court not to consider the declarations submitted by the Government. The Bankruptcy Court granted the motion in a memorandum decision and subsequent order. A.P. Dkt. 41, 44. The Bankruptcy Court found that Appellant had failed to exhaust his remedies and failed to state a claim for which relief could be granted. Appellant moved to reconsider, A.P. Dkt. 43, and the Bankruptcy Court declined to reconsider. A.P. Dkt. 45. This appeal followed on January 26, 2017.

## STANDARD OF REVIEW

A district court reviews the bankruptcy decision on appeal "independently," thus "accept[ing] the bankruptcy court's factual findings unless clearly erroneous but review[ing] its conclusions of law *de novo*." *See In re Johns-Manville Corp.*, 759 F.3d 206, 214 (2d Cir. 2014) (internal quotations and citations omitted). Because this is an appeal from a decision on a motion to dismiss for failure to state a claim where all facts are assumed to be true for the purposes of the motion, only legal issues remain, and thus this Court's review must be de novo. *Raine v. Lorimar Productions, Inc.*, 71 B.R. 450, 452 (S.D.N.Y. 1987); *see also In re ICP Strategic Credit Income Fund Ltd.*, 568 B.R. 596, 605 n.6 (S.D.N.Y. 2017). "[A]ny argument not raised in the bankruptcy court is considered waived and will not be considered by the district court, unless such a waiver would result in manifest injustice." *In re Sterling*, 565 B.R. 258, 269 (S.D.N.Y. 2017) (collecting cases).

## DISCUSSION

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1). In any adversary proceeding, "any

3

order granting partial disposition of [that] proceeding is not final in the absence of strict compliance with [Fed. R. Bankr. P. 7054]." *In re Dwyer*, 244 B.R. 426, 429 (B.A.P. 8th Cir. 2000); *see also In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990) (finding that orders that resolve adversary proceedings within a bankruptcy action are immediately appealable). Fed. R. Bankr. P. 7054 specifically incorporates Fed. R. Civ. P. 54(b) into adversary proceedings. Fed. R. Bankr. P. 7054(a) ("Judgments: Rule 54(a)-(c) Fed. R. Civ. P. applies in adversary proceedings."). Fed. R. Civ. P. 54(b) provides that when "more than one claim for relief is presented in an action"—including counterclaims—"the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Accordingly, Bankruptcy Rule 7054 clearly mandates that no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent Rule 54(b) certification—even if the order would be considered final if it arose in another context." *In re Pan Am. Corp.*, 159 B.R. 396, 400 (S.D.N.Y. 1993) (quoting *In re Wood & Locker, Inc.*, 868 F.2d 139, 144 (5th Cir. 1989)).

Here, the Bankruptcy Court dismissed all of Debtor's counterclaims and third-party claims and therefore disposed of "fewer than all of the claims" at issue in the adversary proceeding. Accordingly, the Bankruptcy Court's dismissal was not a final order within the meaning of Fed. R. Civ. P. 54(b). *See In re Alma*, Civil No. 10–136–ART, 2011 WL 482875, at *2-3 (E.D. Ky. Feb 7, 2011) (holding dismissal of all cross-claims in adversary proceeding not to be a final order for which party could appeal as of right because it did not adjudicate all claims and was not certified as final under Rule 54(b)). Moreover, the Bankruptcy Court did not provide for Rule 54(b) certification. *See In re Chateaugay Corp.*, 922 F.2d at 90 ("According to the

4

terms of Rule 54(b), an interlocutory order does not become final until the court determines that there is no just reason for delay and expressly directs entry of a final judgment."). In the absence of certification, the dismissal order remains interlocutory and is therefore not "final" under § 158(a)(1). *See Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128-129 (2d Cir. 2000) (per curiam) (holding that dismissal of complaint was not an appealable final order, where counterclaims were pending and the district court had not certified the dismissal order). As a result, the Court lacks jurisdiction over this appeal under that provision.

Even when orders are not "final," under 28 U.S.C. § 158(a)(3), district courts have jurisdiction to hear appeals from interlocutory orders and decrees with leave of the court.[1] *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). In deciding whether to grant leave to appeal, district courts apply the same standard that governs interlocutory appeals from district court orders: 28 U.S.C. § 1292(b). *See In re Enron Corp.*, No. 01–16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006). Leave to appeal may be granted if the order being appealed (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *MCI WorldCom Commc'ns. v. Commc'ns. Network Int'l, Ltd.*, 358 B.R. 76, 78 (S.D.N.Y. 2006) (quoting 28 U.S.C. § 1292(b)). Leave to appeal should be sparingly granted and only in exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

Appellant argues that leave to review is warranted due to the presence of manifest injustice and fraud upon the court. Appellant describes the manifest injustice or fraud upon the court as the Bankruptcy Court's permitting the Chapter 7 Trustee in the underlying proceeding to

---

[1] Appellant has not sought leave, but the court may "treat a notice of appeal as a motion for leave to appeal" an interlocutory order of the bankruptcy court under 28 U.S.C. § 158(a)(3). *In re Chateaugay Corp.*, 213 B.R. 633, 637 (S.D.N.Y. 1997); Fed. R. Bankr. P. 8004(d).

not vet an alleged creditor who did not submit a "notice of appearance" or any "proof of claim" allegedly in violation of bankruptcy law and procedure. Appellant essentially argues that because the dismissal of this third party amended complaint was the result of "manifest injustice" or "fraud upon the court," it warrants review. However, the argument does not speak to any of the three factors for interlocutory review and is thus inapposite.

Appellant has not made an argument under the framework set forth in § 1292(b) and the Court declines to construct one on his behalf.[2] Having failed to provide any grounds for which the Court should grant leave to appeal under the strict standard set forth, the Court declines to do so.

## CONCLUSION

For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

**Dated: March 2, 2018**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[2] In any case, none of the three factors favor granting leave for an interlocutory appeal.